US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 12 2015
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| WADE PORTER,<br>    PLAINTIFF | Case No: 15-5188 |
| vs. | Judge: TLB |
| SIMMONS FOOD, INC.,<br>    DEFENDANT | JURY TRIAL DEMANDED |

## COMPLAINT FOR DISCRIMINATION UNDER 38 U.S.C. §4301, ET SEQ.

**AND NOW** comes the Plaintiff, Wade Porter, by and through his undersigned counsel, and the law firm of Mostyn Prettyman, PLLC, states and alleges as follows:

### JURISDICTION, VENUE AND THE PARTIES

1. This Complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38, U.S.C. §§4301-4333. The jurisdiction of this Court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

2. Venue is proper because the Defendant employer maintains a place of business in this district, as provided in 38 U.S.C. §4323(c)(2).

3. Plaintiff Wade Porter, at all pertinent times alleged herein, was a citizen and resident of Gravette, Arkansas.

4. Plaintiff further alleges that the work duties he performed under the employment contract that gave rise to the allegations set forth herein were substantially performed in Arkansas.

5. During the course of his employment with Defendants, Plaintiff performed each and every condition and covenant required on his part to be performed pursuant to said employment agreement and in particular was continuously employed by Defendant from on or about July 16, 2009, to on or about August 14, 2014.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant July 16, 2009 as a driver and later moved to the "Truck Shop" as a mechanic.

7. Plaintiff encountered harassment and threats because of his military service throughout his employment with Defendant.

8. Plaintiff was continuously cited for time spent at drills and during deployments despite giving adequate notice.

9. Plaintiff was deployed to North Africa during the months of May and June, 2013.

10. During this deployment Plaintiff suffered injuries to his foot and ankle.

11. Plaintiff was terminated from employment on August 14, 2014 because his recovery, from injuries sustained during his service in the Texas Army Nation Guard, was taking too long.

12. The U.S. Department of Labor opened a USERRA case concerning Wade Porter on September 2, 2014.

13. On November 4, 2014 Defendant stated they were going to reinstate Plaintiff "to the same job that he had at the time of his termination" on their "own accord."

14. While Defendant did place Plaintiff back on their payroll, Defendant has not allowed Plaintiff to work despite supplying multiple medical releases to Defendant.

15. Defendant's stated reasoning for delaying actual employment is not having received a release from the Doctor who originally assessed Plaintiff.

16. Plaintiff has logged zero (0) hours of employment for Defendant since Defendant stated they would reinstate Plaintiff of their own accord.

## **DESCRIMINATION UNDER 38 U.S.C. § 4301 ET. SEQ.**

17. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 16 of this Complaint, as though fully set forth herein.

18. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. § §4301-4333) prohibits discrimination in employment and reemployment against individuals who have been called to duty in the uniformed services.

19. USERRA, specifically, 38 U.S.C. § 4312, establishes that Plaintiff is entitled to reemployment rights and benefits, and other employment benefits, after that Plaintiff has recovered from his injury.

20. Defendant terminated Plaintiff because of injuries sustained during his participation in the Texas Army Nation Guard duties while deployed in North Africa.

21. Plaintiff remains barred from actual reemployment because of injuries, now healed, that Plaintiff sustained during his participation in the Texas Army National Guard while deployed in North Africa.

22. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in the amount of $100,000.00.

23. Plaintiff alleges such violations were willful and requests liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

24. Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, prejudgment interest, other litigation expenses and any other relief as this Court deems just and proper.

Dated: June 22, 2015

 _____
 J. Benjamin Crabtree
 Bar No. 2013258
 Mostyn Prettyman, PLLC
 1700 W. Industrial Dr. Ste. D
 Rogers, Arkansas 72756
 Telephone: 855-464-4529
 Facsimile: 855-397-2783
 Attorney for Plaintiff,
 Wade Porter

 Plaintiff hereby demands a jury trial on all issues.

Dated: June 22, 2015

 _____
 J. Benjamin Crabtree
 Bar No. 2013258
 Mostyn Prettyman, PLLC
 1700 W. Industrial Dr. Ste. D
 Rogers, Arkansas 72756
 Telephone: 855-464-4529
 Facsimile: 855-397-2783
 Attorney for Plaintiff,
 Wade Porter

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS

**WADE PORTER,** : **Case No:**
       **PLAINTIFF** :
       : **Judge:**
**vs.** :
       :
**SIMMONS FOOD, INC.,** :
       **DEFENDANT** :

## VERIFICATION

STATE OF ARKANSAS   )
                                 ) ss.
COUNTY OF BENTON   )

     The undersigned, being duly sworn, states on oath that she has read the above and foregoing Complaint for Discrimination Under 38 U.S.C. §4301, Et. Seq. and that the facts and matters contained therein are true and correct to the best of her knowledge and belief.

_____
**Wade Porter**

     SUBSCRIBED AND SWORN TO before me, a Notary Public on this the 22nd day of ___June___, 2015.

_____
Notary Public

My Commission Expires:

July 17, 2019

BOBBIE SUE MORRIS
MY COMMISSION # 12372073
EXPIRES: July 17, 2019
Benton County